**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**SAMUEL STROTHER,**

    **Plaintiff,**

**vs.**                                             **Case No. 4:08cv391-MP/WCS**

**WALTER McNEIL,**

    **Defendant.**

    _____/

## REPORT AND RECOMMENDATION

On November 13, 2008, an order was entered directing service of the *pro se* prisoner's complaint, doc. 1, and requiring a response from the Defendant. Doc. 10. Summons was returned executed on November 26, 2008, doc. 12, and a notice of appearance was filed on January 6, 2009. Doc. 15. Plaintiff has now filed a motion for a temporary restraining order and preliminary injunction. Doc. 16.

Plaintiff's claim in this case concerns the manner in which the Department of Corrections makes withdrawals from inmate bank accounts when liens exist to pay for federal court litigation fees. Doc. 1. Plaintiff contends that only twenty percent may be taken, regardless of the number of liens. Additionally, Plaintiff contends the Department

of Corrections should only withdraw funds from his bank account when the account balance exceeds $10.00.  Doc. 1.  Plaintiff alleged that because he has four liens, the Department ends up taking four separate amounts of twenty percent each, amounting to a total withdrawal from his inmate bank account of eighty percent of the deposit.  Doc. 1, p. 3.

The relief sought in the instant motion is for a court order prohibiting the Department of Corrections from removing funds from his account when the amount does not exceed $10.00.  Doc. 16.  Plaintiff alleges he received a $10.00 deposit in his account, and $9.50 was taken from his account to pay for the federal court liens.  *Id.*

The motion seeks relief that would be granted if Plaintiff prevails in this litigation.  Thus, any relief possible to Plaintiff should await the outcome of this case.  At this point, the deadline has not yet even expired for Defendant to file an Answer.

Granting or denying a preliminary injunction is a decision within the discretion of the district court.  Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997), *citing* United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983).  Guiding this discretion is the required finding that Plaintiff has established:

 (1) a substantial likelihood of success on the merits;

 (2) a substantial threat of irreparable injury if the injunction were not granted;

 (3) that the threatened injury to the plaintiffs outweighs the harm an injunction may cause the defendant; and

 (4) that granting the injunction would not disserve the public interest.

Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Carillon Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983).

A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff. Jefferson County, 720 F.2d at 1519, *citing* Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974).

In this case, Plaintiff has now shown irreparable injury. If Plaintiff is entitled to relief and prevails in this case, the funds improperly withdrawn could be returned to Plaintiff's account. Because Plaintiff has an adequate remedy, there cannot be a finding of irreparable injury. The unavailability of an adequate remedy at law is essentially a prerequisite to a finding of irreparable injury. Jefferson County, 720 F.2d at 1520 (finding "[t]he possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm."); *see* Lewis v. S. S. Baune, 534 F.2d 1115, 1124 (5th Cir. 1976). Thus, failing to issue an injunction in this case would not constitute a "substantial threat of irreparable injury." Plaintiff's motion should be denied.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for a temporary restraining order and a preliminary injunction, doc. 16, be **DENIED** and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on January 8, 2009.

    s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**