IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SAMUEL STROTHER,

    Plaintiff,

vs.                                    Case No. 4:08cv391-MP/WCS

WALTER McNEIL,

    Defendant.

_____/

## SECOND REPORT AND RECOMMENDATION

On February 9, 2009, Senior District Judge Maurice Paul adopted the report and recommendation, doc. 17, which I entered on January 8, 2009, and to which no objections were filed. Doc. 26. Thus, Plaintiff's motion for a temporary restraining order and preliminary injunction has been denied.

Now pending is Defendant's motion to dismiss, doc. 22. Defendant seeks dismissal of this action pursuant to 28 U.S.C. § 1915(g), arguing Plaintiff should not have been granted *in forma pauperis* status in this case. Doc. 22. Defendant has demonstrated that Plaintiff has had three or more actions previously "dismissed on the grounds that the actions were frivolous, malicious, or failed to state a claim." Doc. 22, p. 1. Plaintiff's three prior civil rights cases were dismissed on October 26, 1999 (case 4:99cv308, § 1983 action, dismissed as frivolous), on December 31, 2001 (case

4:01cv393, § 1983 action, dismissed for failure to state a claim), and on August 31, 2002 (case 4:02cv227, § 1983 action, dismissed as frivolous and malicious). Doc. 22, p. 2.

Plaintiff, an inmate proceeding *pro se*, was directed to file a response to the motion. Doc. 24. Plaintiff did so on February 5, 2009, and requests that Defendant's motion be denied, arguing that a petition for writ of mandamus is not a "civil action" or appeal and, thus, should not count as a "strike" under § 1915(g). Doc. 25.

**Background Facts**

Plaintiff began this lawsuit on August 29, 2008, by filing a document titled a "petition for writ of mandamus." Doc. 1. Plaintiff's claim concerns the manner in which the Department of Corrections makes withdrawals from inmate bank accounts when liens exist to pay for federal court litigation fees. *Id.* Plaintiff was granted *in forma pauperis* status on September 11, 2008, doc. 6. Plaintiff did not use a civil rights complaint form, generally required by all *pro se* litigants in this Court, which would have required Plaintiff to provide information as to prior actions dismissed under § 1915(e)(2)(B).

**Analysis**

Since enactment of the Prison Litigation Reform Act, federal law provides:

> In no event shall a prisoner bring a *civil action* or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought *an action* or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added).  Thus, a prisoner will not be permitted to "bring a civil action" without payment of the filing fee pursuant to § 1915(g) if he has on at least three prior occasions, "brought an action or appeal . . . that was dismissed" as frivolous, malicious, or failed to state a claim.  28 U.S.C. § 1915(g).

It is not disputed that Plaintiff has had three § 1983 cases dismissed for reasons which fall within § 1915(g).  The issue is whether a petition for an extraordinary writ, such as writ of mandamus, is a "civil action" as intended by §1915(g).

It is in this instance.  *See* In re Washington, 122 F.3d 1345 (10th Cir. 1997), *relying on* Green v. Nottingham, 90 F.3d 415, 418 (10th Cir. 1996).  *Accord*, In re Tyler, 110 F.3d 528, 529 (8th Cir. 1997) (noting that a loophole would be created if prisoners could "circumvent the PLRA merely by labeling their pleadings as mandamus petitions"); Green v. Nottingham, 90 F.3d 415, 418 (10th Cir.1996); In re Smith, 114 F.3d 1247, 1250 (D.C. Cir. 1997) (writ of prohibition).

The Seventh, Fifth, and Second Circuits have concluded that a petition for writ of mandamus must be reviewed to determine its proper nature and, if it is civil in nature, it must comply with the PLRA.  Martin v. United States, 96 F.3d 853, 854 (7th Cir. 1996); *see also* Banks v. People of Illinois, 258 Fed.Appx. 902, 2007 WL 4532848, 1 (7th Cir. 2007) (dismissal of mandamus petition for failure to state a claim counted as a "strike," as did the appeal of the dismissal).  However, a "petition for mandamus in a criminal proceeding is not a form of prisoner litigation" and, thus, would not be a "civil action" under 28 U.S.C. § 1915(g).  Martin, 96 F.3d at 844-45; *see also* In re Crittenden, 143 F.3d 919, 920 (5th Cir. 1998); Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996), *cited in* Combs v. Dunn, 279 Fed.Appx. 300, 301, 2008 WL 2131134, 1 (5th Cir.

2008) (stating the dismissal of the petition for writ of mandamus as well as the appeal of that dismissal "both count as strikes for purposes of 28 U.S.C. § 1915(g)"); In re Jacobs, 213 F.3d 289, 291 (5th Cir. 2000), *cited with approval in* Thompson v. Sheriff of Broward County, 2007 WL 419352, 4 (S.D. Fla., 2007); In re Nagy, 89 F.3d 115, 117 (2d Cir.1996) (holding that the application of the PLRA to mandamus petitions depends on the nature of the relief sought – only if the prisoner's mandamus claim is analogous to the typical suits brought under 42 U.S.C. § 1983 complaining about prison conditions does the PLRA apply, and it does not apply if a writ of mandamus is sought with respect to a state criminal proceeding).

The Third Circuit has taken a similar approach.  While deeming a mandamus petition to be neither an "action" nor a "civil action," Madden v. Myers, 102 F.3d 74, 77-78 (3d Cir. 1996), it has also ruled that litigants "should not be able to evade the PLRA by masking as a mandamus petition a paper otherwise subject to the Act."  102 F.3d at 78.  If the underlying action is a "*bone fide* mandamus" petition and falls within the "scope of proper mandamus relief and does not evidence an intent to evade the requirements of the PLRA," then the case would not be subject to the PLRA.  In re Steele, 251 Fed.Appx. 772, 2007 WL 3047249 (3d. Cir. 2007).   Madden involved a petition in the court of appeals seeking to require a district court to act promptly on his petition for writ of habeas corpus.  The case, therefore, involved the use of the writ as a federal appellate remedy, not as a remedy for prison conditions, and is distinguishable from the case at bar.

Though no decision has been rendered from the Eleventh Circuit on this issue, district courts within the Circuit, including all Florida districts, have adopted the view that

mandamus petitions should be counted for purposes of calculating strikes under § 1915(g). *See* Bure v. Miami-Dade County Corrections and Rehabilitation Dept., 2009 WL 35238, 4 (S.D. Fla., 2009), *citing to* Green v. Nottingham, 90 F.3d 415, 418 (10th Cir. 1996); In Re: Michael C. Washington, 122 F.3d 1345 (10th Cir.1997); Hicks v. Brysch, 989 F.Supp. 797 (W.D. Tex. 1997); and Martin v. United States, *supra*; *See also* Norton v. Rathmann, 2006 WL 1517146, 1 (M.D. Fla., May 24, 2006); Norton v. Murray, 2007 WL 2729687, 3 (M.D. Fla., June 15, 2007); Thompson v. Sheriff of Broward County, *supra*; Cobble v. Chasteen, 2009 WL 44700, 1 (M.D. Ga., Jan. 5, 2009); Ball v. Allen, 2007 WL 484547, 4 (S.D. Ala., Feb. 8, 2007).

Moreover, every judge in the Northern District of Florida to consider the issue has counted mandamus petitions in calculating § 1915(g) dismissals. Robenson v. McNeil, 2009 WL 395210 (N.D. Fla., Feb. 14, 2009) (Hinkle, D.J.); Hickmon v. F.B.I., 2008 WL 3889606 (N.D. Fla., Aug.19, 2008) (Rogers, D.J.), *citing* Norton v. McCool, 2008 WL 216497 (N.D. Fla., Jan. 23, 2008) (Paul, D.J.); Washington v. Harris, 2008 WL 4059750 (N.D. Fla., Aug. 22, 2008) (Hinkle, D.J.); Cooper v. Crist, 2008 WL 2370464 (N.D. Fla., June 5, 2008) (Mickle, D.J.); Norton v. McCool, 2008 WL 140746 (N.D. Fla., Jan. 11, 2008) (Stafford, D.J.); Cooper v. Brewer, 2008 WL 1995044 (N.D. Fla., May 6, 2008) (Vinson, D.J.); Hernandez v. Century Correctional Inst., 2007 WL 2376280, 2 (N.D. Fla., Aug. 15, 2007) (Collier, D.J.).

The instant petition for writ of mandamus, a challenge to the method used by the Department of Corrections in withdrawing money from inmate bank accounts, is a "civil action" as intended by § 1915(g). Doc. 1. Plaintiff has had three qualifying "strikes" (case 4:99cv308, case 4:01cv393, and case 4:02cv227), and is not entitled to *in forma*

*pauperis* status under 28 U.S.C. § 1915(g). Plaintiff should not have been permitted to proceed in this case without full payment of the filing fee.

In Andrews v. King, 398 F.3d 1113 (9th Cir. 2005), the inmate plaintiff filed a § 1983 civil rights action and was granted leave to proceed *in forma pauperis*. Defendants filed a summary judgment motion arguing that the plaintiff was not entitled to proceed *in forma pauperis* due to the "three strikes" provision of 28 U.S.C. § 1915(g). Andrews, 398 F.3d at 1116. The court dismissed the action without prejudice, and in so doing held that when a defendant challenges a prisoner's right to proceed *in forma pauperis*, "the defendant bears the burden of producing sufficient evidence to establish that § 1915(g) bars the plaintiff's IFP status." *Id.*, at 1120. Once the defendant has made out a *prima facie* case, the burden shifts to the plaintiff to persuade the court that § 1915(g) does not apply. *Id.*

That remedy applies here. Plaintiff cannot escape the § 1915(g) limitation by disguising a §1983 due process or federal statutory claim as a mandamus petition. Plaintiff does not allege that he is in imminent danger of serious physical injury as would be required for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(g).

Accordingly, it is **RECOMMENDED** that Defendant's motion to dismiss, doc. 22, be **GRANTED**, and Plaintiff's petition for writ of mandamus, doc. 1, be **DISMISSED** without prejudice; that Plaintiff's motion for leave to proceed *in forma pauperis*, doc. 2, be **DENIED,** as Plaintiff is not entitled to *in forma pauperis* status under 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on March 16, 2009.

 s/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**