IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SAMUEL STROTHER,

    Plaintiff,

v.                                        CASE NO. 4:08-cv-00391-MP-WCS

WALTER McNEIL,

    Defendant.

_____/

**<u>O R D E R</u>**

      This matter is before the Court on Doc. 29, Second Report and Recommendation of the Magistrate Judge, which recommends that Defendant's motion to dismiss (Doc. 22) be granted and that Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) be denied. The Magistrate filed the Report on March 16, 2009. Plaintiff filed an objection to the Report on March 31, 2009. Pursuant to 28 U.S.C. § 636(b)(1), the Court has completed a *de novo* review of those portions of the Report to which Plaintiff objects. Plaintiff does not dispute that he has three strikes for bringing three 42 U.S.C. § 1983 cases that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief could be granted. The only issue before the Court, therefore, is whether the instant complaint, styled as a petition for writ of mandamus, qualifies as a civil action within the meaning of 28 U.S.C. § 1915(g).

      It is not a close question. Plaintiff asserts in his complaint that, under the Prison Litigation Reform Act, which requires a prisoner to "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account" and directs prison officials to "forward payments from the prisoner's account to the clerk of court each time the amount in the

account exceeds $10 until the filing fees are paid," 28 U.S.C. § 1915(b)(2), prison officials should collect multiple encumbrances sequentially, rather than simultaneously, so that the total amount withdrawn from a prisoner's account does not exceed 20 percent of the prisoner's monthly income.  In support of his claim, Plaintiff cites Whitfield v. Scully, 241 F.3d 264 (2d Cir. 2001) (holding that multiple encumbrances should be collected sequentially).  But see Atchison v. Collins, 288 F.3d 177, 180 (5th Cir. 2002) (disagreeing with Whitfield and holding that § 1915(b)(2) requires simultaneous collection of multiple encumbrances).

Plaintiff admits in his objection that the "critical issue" in this case is whether his claim is a civil claim that could be brought under § 1983 and is therefore barred by § 1915(g).  Doc. 33 at 1.  But the very case upon which Plaintiff relies is one in which the plaintiff brought an identical claim under § 1983.  See Whitfield, 241 F.3d at 268.  It may be true that Plaintiff has no other adequate means of obtaining the relief he desires, which is a requirement for the issuance of a writ.  See Allied Chemical Corp. v. Diaflon, Inc., 449 U.S. 33, 35, 101 S. Ct. 188, 190, 66 L. Ed. 2d 193 (1980).  If so, however, it is only because Plaintiff is limited by the three strikes provision of § 1915(g).  Plaintiff cannot bypass the limitations imposed by that statute by

disguising his complaint as a petition for writ of mandamus.  Accordingly, it is hereby

    **ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge (Doc. 29) is ADOPTED and incorporated herein.

2. The Magistrate's order granting Plaintiff leave to proceed *in forma pauperis* (Doc. 6) is VACATED, and Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) is DENIED.

3. The Motion to Dismiss (Doc. 22) is GRANTED, and Plaintiff's complaint (Doc. 1) is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(g).

**DONE AND ORDERED** this  *3rd* day of April, 2009

        *s/Maurice M. Paul*
        Maurice M. Paul, Senior District Judge